1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    CHIKODI CHIMA,                          Case No.  25-cv-06385-TSH

8                    Plaintiff,

9          v.                                **ORDER DENYING MOTION FOR EXEMPTION FROM PAYMENT OF PACER FEES**

10   JOHN DAVID PERKINS, LMFT,

11                    Defendant.              Re: Dkt. No. 4

12

13          On July 30, 2025, Plaintiff Chikodi Chima filed a motion to waive fees to access the Public

14   Access to Court Electronic Records (PACER) system.  ECF No. 4.  Plaintiff argues that a waiver

15   is warranted because he is "a single father experiencing tremendous financial hardship related to

16   the allegations in my complaint."

17          Through PACER, "users can view and print case filings, judicial opinions, and other

18   docket information from the federal trial, bankruptcy, and appellate courts."  *In re Gollan*, 728

19   F.3d 1033, 1035 (9th Cir. 2013).  PACER is supported by user fees.  "In order to ensure the fees

20   do not impair public access to the courts, Congress directed the Judicial Conference to 'provide for

21   exempting persons or classes of persons' for whom fees would be an unreasonable burden."  *Id.*

22          Under the Electronic Public Access Fee Schedule, effective January 1, 2020, all parties and

23   attorneys of record in a case receive one free electronic copy, via the notice of electronic filing or

24   notice of docket activity, of all documents filed electronically.  *See*

25   https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule.  If an

26   individual chooses to access court records through PACER, the fee is $0.10 per page, and the

27   charge for any document is capped at $3, which is equivalent to 30 pages.  *Id.*  No fee is owed for

28   PACER access until the account holder has accrued charges exceeding $30 in a quarterly billing

United States District Court
Northern District of California

1    cycle. *Id.* No fee is charged for viewing judicial opinions. *Id.* Additionally, no fee is charged for

2    viewing case information or documents at courthouse public access terminals. *Id.*

3         The Fee Schedule also provides for discretionary fee exemptions for persons such as

4    indigents. A court considering a request for exemption must find "that those seeking an

5    exemption have demonstrated that an exemption is necessary in order to avoid unreasonable

6    burdens and to promote public access to information." *Id.* In the event a court grants an

7    exemption, "the exemption should be granted for a definite period of time, should be limited in

8    scope, and may be revoked at the discretion of the court granting the exemption." *Id.* Further,

9    "the user receiving the exemption must agree not to sell the data obtained as a result, and must not

10   transfer any data obtained as the result of a fee exemption, unless expressly authorized by the

11   court." *Id.*

12        "Exemptions from PACER user fees are uncommon." *Katumbusi v. Gary*, 2014 WL

13   5698816, at *4 (E.D. Cal. Oct. 30, 2014); *U.S.A. v. Gartenlaub*, 2025 WL 1837743, at *4 (C.D.

14   Cal. July 3, 2025). Here, it is not clear why Plaintiff needs access to PACER to pursue this

15   litigation beyond that which is already provided under the Fee Schedule. Although Plaintiff has

16   been granted in forma pauperis status, "the in forma pauperis statute does not provide that a court

17   may exempt a litigant from fees associated with PACER." *Luehring v. Los Angeles Cnty.*, 2021

18   WL 4533275, at *1 (C.D. Cal. Aug. 4, 2021) (citing 28 U.S.C. § 1915(a)). Additionally, the Court

19   notes that proceeding in forma pauperis is not in itself sufficient to establish that payment of

20   PACER fees constitutes an unreasonable burden. *See Soper v. United Airlines, Inc.*, 2024 WL

21   3915112, at *1 (C.D. Cal. July 3, 2024) ("[T]he court finds Plaintiff's reliance on his indigent

22   status alone does not adequately show that PACER fees should be waived.").

23        Further, under the Electronic Public Access Fee Schedule, Plaintiff is already entitled to

24   one free electronic copy of all documents filed electronically in this case, and there would be no

25   charge for electronic access to documents unless more than $30 is accrued in a quarterly billing

26   cycle. If Plaintiff does accrue more than $30 in a quarter, Plaintiff may apply for a fee waiver at

27   that time. *See Mintz v. Nw. Mut. Life Ins. Co.*, 2025 WL 1108230, at *1 (C.D. Cal. Mar. 24, 2025)

28   (denying exemption request for accrued and future fees, in part because plaintiff had not provided

United States District Court
Northern District of California

2

any evidence of her PACER balance or justification that her request was necessary); *Gartenlaub*, 2025 WL 1837743, at *4 (denying request for waiver where party "has not attached any documentation showing his outstanding PACER balance, how PACER was used for his motion before the Ninth Circuit, or how PACER will be used for his forthcoming Rule 60(b) motion."); *Klement v. Lizola*, 2020 WL 13609404, at *1 (C.D. Cal. July 10, 2020) (noting that plaintiff was required to provide a copy of his PACER bill and explanation of how PACER was used before his PACER fees were waived).

In light of PACER's automatic fee exemptions and the otherwise modest PACER fees, as well as the lack of any outstanding PACER balance, the Court finds Plaintiff has failed to make the requisite showing to entitle him to an exemption.  *See Gartenlaub*, 2025 WL 1837743, at *4; *Raiser v. City of Temecula*, 2018 WL 6219906, at *2 (C.D. Cal. June 22, 2018) ("In light of the automatic fee exemptions to the Electronic Public Access Fee Schedule and modest PACER fees, the Court finds that Plaintiff is not unreasonably burdened and has reasonable access to his case information."); *Katumbusi*, 2014 WL 5698816, at *4 ("Exemptions from PACER user fees are uncommon.  In forma pauperis status alone does not support a request to waive PACER fees.  All parties and attorneys of record receive one free electronic copy of documents filed with the court if they are registered with the court's CM/ECF system. . . .  Further, if plaintiff chooses to access court records through PACER, the fee is a modest $0.10 per page retrieved, and the charge for any single document has a cap of $3.00 which is equivalent to 30 pages.  In light of these procedures, which provide reasonable access, plaintiff has not justified the waiver of PACER fees."). Accordingly, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: August 1, 2025

THOMAS S. HIXSON
United States Magistrate Judge